IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| M.A.C., by next friend, M.E.C., et. al., ) | |
| Plaintiffs, ) | |
| vs. ) | Civil Action No. 3:21-cv-00509 |
| STEPHEN SMITH, et. al., ) | |
| Defendants. ) | |

_____

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**
_____

Defendants respectfully submit this Reply in Support of their Motion to Dismiss.

**ARGUMENT**

**I.    Fed. R. Civ. P. 56 and Local Rule 56.01(b) Do Not Apply.**

Plaintiffs allege that the 12(b)(6) portions of Defendants' Motion to Dismiss rely "on declarations and exhibits outside of the pleadings," and ask this Court to treat those portions "as a motion for summary judgment." (D.E. 29, Page ID# 560-61, 568.) But Defendants' 12(b)(6) arguments nowhere rely on any declarations or exhibits "outside" the Complaint. (D.E. 28-1, Page ID# 546-53.)

Aside from statutes and caselaw, Defendants referenced two documents in its 12(b)(6) arguments. As to Count VII, the 2011 State Medicaid Director Letter No. 01-006 is included in the Complaint, and Defendants' reference is only to rebut Plaintiffs' misplaced reliance on it. (*Id.* at Page ID# 550.) As to Counts VIII and IX, Defendants cite to the 1915(c) HCBS waiver application and approval, which was implemented by TennCare regulation. (*Id.* at Page ID# 551-52.) The letter and application are documents "referred to" in Plaintiffs' Complaint or are public

1

records "central to [Plaintiffs'] claim[s]" and therefore "fall within the pleadings for purposes of Rule 12(b)(6)." *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). Further, Plaintiffs' argument that Local Rule 56.01(b) retroactively applies if a court converts a motion to dismiss to a motion for summary judgment is baseless. (D.E. 29, Page ID# 560-61.)

## II. Plaintiffs Improperly Stretch their Complaint and the Limits of Causation.

In their Complaint, Plaintiffs argued that their PAs are paid less than other PA providers for "identical" services, which is false; Plaintiffs now backpedal to allege that their PAs are paid lower rates than "comparable" or "similar" services. (D.E. 29, Page ID# 558, 563.) Because Plaintiffs' "complaint may not be amended" by their "opposition to [Defendants'] motion to dismiss," this theory is not properly before the Court. *Christenberry v. White*, No. 3:20-CV-176-TAV-DCP, 2020 WL 6371174, *4 n.3 (E.D. Tenn. Oct. 29, 2020). That fact notwithstanding, Plaintiffs' theory that TennCare pays unidentified providers some unknown but insufficient amount for "other" unidentified services—leaving provider agencies hesitant to contract with TennCare and ultimately resulting in Plaintiffs' missed shifts—is "too attenuated" to satisfy facial causation. *Moncier v. Haslam*, 570 F. App'x 553, 557 (6th Cir. 2014).

Further, Plaintiffs' primary authority, the Sixth Circuit's *Parsons* opinion, espouses an indirect causation theory which cannot be compared to the complexities involved in this case. *Parsons v. U.S. Dep't of Just.*, 801 F.3d 701, 713-15 (6th Cir. 2015). The Sixth Circuit has further explained, "An indirect theory of traceability requires that the government cajole, coerce, command." *Turaani v. Wray*, 988 F.3d 313, 316 (6th Cir. 2021), *cert. denied*, No. 21-72, 2021 WL 4508587 (U.S. Oct. 4, 2021). Plaintiffs cannot trace a clear line of causation because they are faced with a multitude of factors contributing to their staffing shortages, none of which involve government coercing, cajoling, or commanding Plaintiffs' staff to miss shifts. Even under a simple

2

indirect causation theory, Plaintiffs' proposition that unspecified rate differentials have caused their missed shifts, while wholesale ignoring the decades of systemic problems in DSP workforce shortages and a history-bending pandemic, is untethered from reality. (D.E. 28-1, Page ID# 542.)

## III. Plaintiffs' Claims Are Not Redressable.

Plaintiffs filed this lawsuit wanting to change DIDD's PA *rates*. (D.E. 1, Page ID# 2.) Their list of requested relief disguises this. They argue that "Defendants decide for the Court that the redress Plaintiffs are seeking is an order that sets the PA rates for DIDD service providers." (D.E. 29, Page ID# 565.) Yet in the next breath they state that "[Defendants] should correct their DIDD provider rates to attract more providers into the network." (*Id.* at Page ID# 568.) Plaintiffs attempt to frame their relief as merely aimed at "Defendants' policies," but those "policies" are rate policies they want changed. (D.E. 29, Page ID# 563, 564-65, 568, 570.) In Plaintiffs' words, "DIDD rates for those other services remain inferior to rates paid by the MCOs, and . . . Defendants ignore these other policies." (*Id.* at Page ID# 564.) Per the Supreme Court in *Armstrong*, courts cannot adjust Medicaid rates, and thus their claims are not redressable. *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 321-32 (2015) (plurality opinion).

Plaintiffs also contend that Defendants err in relying on *Waskul v. Washtenaw County Community Mental Health* to argue against enforceability. (D.E. 29, Page ID# 565-66); 979 F.3d 426 (6th Cir. 2020). But this misstates Defendants' argument. *Waskul* clearly illustrates that, regardless of enforceability, none of Plaintiffs' claims are *redressable*. (D.E. 28-1, Page ID# 544-46.) *Waskul's* partial concurrence and dissent highlights, per *Armstrong*, that courts cannot change Medicaid rates, under 42 U.S.C. § 1396a(a)(30)(A) or any other statute. (D.E. 28-1, Page ID# 545.); *Waskul*, 979 F.3d at 468 (Readler, J., concurring in part and dissenting in part).

3

Plaintiffs also mischaracterize *Waskul* when they claim "the [*Waskul*] court found the redressability element to be a factual issue," inappropriate for a motion to dismiss, (D.E. 29, Page ID# 566)—it did not. Nowhere in *Waskul* does the court state this. *See generally Waskul*, 979 F.3d 426.

## IV. Plaintiffs Fail to State a Claim Upon Which Relief Can Be Granted.

**A. Count II:** For the first time, Plaintiffs' opposition specifies an allegedly feasible alternative as to this claim: "correct[ing] [Defendants'] DIDD provider rates," or "order[ing] the services to be provided." (D.E. 29, Page ID# 568.) As stated above, Plaintiffs cannot amend their insufficient Complaint via a response to a Motion to Dismiss. *Christenberry*, 2020 WL 6371174, at *4 n.3. And raising the rates is not a feasible alternative; Plaintiffs have no individual right of action for a § 30(A) claim disguised as a § 1396n(c)(2)(C) claim. *Armstrong*, 575 U.S. at 333-36 (Breyer, J., concurring in part and concurring in judgment).

**B. Counts III and IV:** Plaintiffs argue that "the Supreme Court assumed without deciding that some conduct resulting in disparate impact is actionable under § 504 of the Rehabilitation Act." (D.E. 29, Page ID# 569.) This ignores Sixth Circuit law that explicitly forecloses all § 504 disparate-impact claims. *Doe v. BlueCross BlueShield of Tenn., Inc.*, 926 F.3d 235, 242 (6th Cir. 2019).

Relying on the Sixth Circuit's *City of Sandusky* opinion, Plaintiffs also argue that Title II entertains disparate-impact claims. (D.E. 29, Page ID# 568 (citing *Ability Ctr. of Greater Toledo v. City of Sandusky*, 385 F.3d 901, 913 (6th Cir. 2004).) But "the [*Sandusky* court] was not willing to label it disparate impact." *Nathaniel v. Hertz Location Edition Corp.*, No. 19-CV-11154, 2020 WL 833095, at *4 (E.D. Mich. Feb. 20, 2020). And the Sixth Circuit confirmed just last month that there are only "[t]wo types of claims [that] are cognizable under Title II: claims for intentional

4

discrimination and claims for a reasonable accommodation"—*not* disparate impact. *Palladeno v. Mohr*, No. 20-3587, 2021 WL 4145579, at *4 (6th Cir. Sept. 13, 2021) (quoting *Roell v. Hamilton Cnty.*, 870 F.3d 471, 488 (6th Cir. 2017)).

    **C.**     **Count VII:** Plaintiffs argue that minor Plaintiffs M.A.C. and Burk "are entitled to any federally defined Medicaid service that will meet [their] needs," including "PA" services. (D.E. 29, Page ID# 573.) This is false. PA Services are not EPSDT services, and therefore, minors are not "entitled" to them. Further, Plaintiffs concede that neither M.A.C. nor Burk are entitled to PC Services, which *are* EPSDT services. (*Id.* at Page ID# 572.) Defendants have not tried to "redefine" these terms; contrary to Plaintiffs' footnote 7, PA Services and PC Services remain solidly and distinctly defined by statute. (D.E. 28-1, Page ID# 534-35.)

**V.**     **Eleventh Amendment Immunity.[1]**

First, Plaintiffs concede the Department's immunity from all § 1983 claims. Second, Count V is a paradigmatic equal protection claim because it sounds in "discrimination," (D.E. 1, Page ID# 35), and Plaintiffs continue to assert they were denied equal treatment "based upon [their] disabilities." (D.E. 29, Page ID# 577.) Unlike Plaintiffs' due process claims, Count V does not identify any process denied to Plaintiffs and must be dismissed under the Eleventh Amendment. *See Carten v. Kent State Univ.*, 282 F.3d 391, 395 (6th Cir. 2002).

## CONCLUSION

For all other counts not addressed above, Defendants rest on their Memorandum in Support of their Motion to Dismiss. For the reasons stated therein, and in this Reply, Defendants' Motion to Dismiss should be granted.

---

[1] To the extent Defendants erred in using the term "qualified immunity," Defendants were referring to sovereign immunity, as Plaintiffs acknowledge.

5

Case 3:21-cv-00509   Document 31   Filed 10/19/21   Page 5 of 7 PageID #: 698

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General & Reporter

*/s/ Matthew P. Dykstra*
MATTHEW P. DYKSTRA (BPR# 38237)
Assistant Attorney General

*/s/ Meredith W. Bowen*
MEREDITH W. BOWEN (BPR# 34044)
Senior Assistant Attorney General

/s/ *Trenton Meriwether*
TRENTON MERIWETHER (BPR# 38577)

Office of the Tennessee Attorney General
Healthcare Division
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-8726
Matthew.Dykstra@ag.tn.gov
Meredith.Bowen@ag.tn.gov
Trenton.Meriwether@ag.tn.gov

*Counsel for Defendants*

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply in Support of Their Motion to Dismiss has been served via this Court's electronic filing system on this 19th day of October, 2021.

| COUNSEL OF RECORD | PARTY REPRESENTED |
|---|---|
| George Gordon Bonnyman, Jr.<br>Vanessa M. Zapata<br>Catherine M. Kaiman<br>Tennessee Justice Center<br>211 7th Avenue, N., Suite 100<br>Nashville, TN 37219<br>Office: (615) 255-0331<br>Fax:    (615) 255-0354<br>gbonnyman@tnjustice.org<br>vzapata@tnjustice.org<br>ckaiman@tnjustice.org | Counsel for Plaintiffs |

*/s/ Matthew P. Dykstra*
MATTHEW P. DYKSTRA
Assistant Attorney General